## WALDMAN *vs.* CROMMELIN'S ADM'R.

[ACTION ON PROMISSORY NOTE.]

1. *Section 2704 of Revised Code; exceptions in, to what applies.*—The exception to the general rule of the competency of witnesses, notwithstanding their interest in the suit or being parties to it, as enacted in section 2704 of the Revised Code, applies to transactions with, or statements by, a deceased executor or administrator, in suits by or against his successors in the administration.

APPEAL from the Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.

The facts are sufficiently stated in the opinion.

RANDOLPH & GOLDTHWAITE, for appellants.
WATTS & TROY, *contra.*

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J.—The appellant objects to the exclusion of certain testimony in his behalf, given by his partner as to transactions with, and statements by, Thomas

Crommelin, the predecessor of the plaintiffs in the administration of the estate of Charles Crommelin. The note sued on was made by the appellant and his witness as partners, and was payable to Thomas Crommelin, adm'r. The evidence excluded tended to show that the defendant had paid a portion of the money to Thomas Crommelin himself, and the remainder to Robinson, at the request of the said Thomas Crommelin.

The spirit of section 2704 of the Revised Code is to retain the former rule of evidence in cases where an executor or administrator suing may be met by acts and declarations of his decedent of which he knows nothing, and is not presumed to know. The reason of the rule is as applicable to transactions with a deceased administrator or executor as to those with the decedent himself. To hold the contrary would be to complicate and embarrass the administration and settlement of estates without any sufficient cause. We therefore decide that there is no error in the exclusion of the testimony to which exception is taken.

The judgment is affirmed.