# Cousins v. Jackson.

*Action against Surety on Administration Bond to recover Amount of Decree against Administrator.*

§ 1. *Section* 2704, *R. C.; competency of witnesses under.* — In a suit on a deceased administrator's bond against his surety to recover the amount of a decree rendered against the deceased in his lifetime, the administrator of the deceased, having testified to conversations had with the plaintiff tending to show that deceased had settled the decree, the plaintiff is a competent witness to prove that the settlement, as to which he had such conversation, did not relate to the decree.

2. *Admissions.* — Where a witness testifies that the plaintiff in answer to a question made certain admissions in one conversation, and the plaintiff testifies that the question was asked in a different conversation, it is error to refuse to permit the plaintiff to testify what reply he made, on the assumption that the question relates to a different conversation from that about which the witness testified. It is a question for the jury to determine, under appropriate instructions from the court.

APPEAL from Circuit Court of Elmore.

Tried before Hon. JAMES Q. SMITH.

The appellant, B. Thomas Cousins, sued the defendant Jackson alone, on a bond as surety of one Morris Cousins, the administrator of appellant's father's estate, to recover the amount of a judgment rendered against the administrator in the probate court on the 9th day of November, 1860. The suit was commenced on the 25th of March, 1870, and a trial had at the spring term, 1873, which resulted in a verdict for the defendant. No pleas appear in the record.

On the trial, as appears from the bill of exceptions, it was proved that Morris Cousins, the principal obligor in the bond sued on, died in 1865, and in the same year one W. T. McCain was duly appointed and qualified as his administrator. Said McCain was introduced as a witness by defendant, and testified "that a short time after his appointment, he met plaintiff, who asked him to accept service of a notice of some proceedings relative, in some manner, to the decree sued for, and witness refused, stating that he must be regularly made a party. In the same conversation plaintiff was asked by witness why he (plaintiff) did not sign a receipt to Morris Cousins for said decree when they had a settlement of it, witness saying to plaintiff, at the same time, that he (plaintiff) knew that Morris Cousins did not owe anything on said decree, and the only reply plaintiff made was, that he did not sign the receipt because said Morris Cousins would not pay or settle an individual debt plaintiff held against him." This conversation, as the bill of exceptions recites, was offered as "evidence of a settlement between Morris Cousins and plaintiff, in which said decree was included, and that there was nothing due to the plaintiff on said decree." The plaintiff was introduced as a

[Cousins v. Jackson.]

witness in his own behalf, and asked by his counsel to state "what settlement had ever taken place between him and Morris Cousins since the rendition of said decree, in which said decree was embraced, and he answered, none. He was then asked by his counsel if any settlement had been had between him and Morris Cousins since the rendition of said decree, embracing other matters than said decree.". To this question defendant objected, and the court sustained the objection and would not permit the witness to answer, and plaintiff duly excepted.

" Plaintiff was then asked by his counsel about the conversation testified to by McCain, and testified that within sixty days after McCain was appointed administrator of Cousins, he met McCain and presented him a notice to show cause, before the probate court, why the decree should not be revived, against him as administrator of Cousins, and asked him to accept service, which he refused to do, saying that he must be made a party regularly; that this was all that occurred on that occasion; that a short time aftewards, he and McCain met, when McCain said to him what is contained in the above statement of McCain's testimony." The plaintiff was then asked by his counsel " what reply he made to these statements of McCain, for the purpose of contradicting McCain as to what he stated was plaintiff's reply; to these questions the defendant objected on the ground that the matters inquired of related to different conversations than the one testified to by McCain, and a conversation about which defendant had not inquired." The court sustained the objection and would not permit the question to be answered, and the plaintiff duly excepted.

These rulings are now assigned for error.

ELMORE & GUNTER, for appellant.

WATTS & TROY, contra.

BRICKELL, C. J. — The defence which was sought to be established by the evidence, introduced by the appellee, was a payment of the demand on which the suit is founded, made by the principal debtor in his life. The evidence of this payment consisted of an admission proved to have been made by the appellant to the administrator of the principal debtor. Verbal admissions not operating as an estoppel, are subject to explanation or contradiction. The party making them may, if he can, show that he was mistaken, or that they are not true in point of fact. 1 Brick. Dig. 834, § 421. If deliberately made, and precisely identified, an admission often affords evidence of

[Cousins *v.* Jackson.]

the most satisfactory character. A mere verbal admission, however, unsupported by any other evidence, should always be cautiously weighed, because of its liability to be misunderstood, the facility of fabricating the evidence of it, and the difficulty of disproving it. 1 Green. Ev. § 200 ; 1 Brick. Dig. 833, § 420.

The admission having been proved by the administrator of the principal debtor, the appellant as a witness for himself, offered to testify that subsequent to the rendition of the decree of the court of probate, against the principal debtor, which is the foundation of the suit, there had been between him and the principal debtor a settlement embracing other matters than the decree. The court on the objection of the appellee excluded the evidence. The evidence was relevant. It had a tendency to explain the admission proved to have been made by the appellant — to show that it referred to settlements in which the decree was not included. Or, it may have tended to show that if the appellant made the admission, as understood and repeated by the witness, the admission itself was not deliberately made, and was unfounded in fact. It also tended to contradict the witness proving the admission, by showing that the admission was untrue in point of fact, and could not have been made by the appellant. This was the tendency of the evidence, and it was therefore relevant. Its weight and sufficiency is a question for the jury.

Nor do we think the evidence was offensive to the exception contained in § 2704 of the Revised Code. The exception is thus expressed : " that in suits by or against executors or administrators (as to which a different rule is not made by the laws of this State), neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party." The exception excludes only evidence of a particular character, admissions made by, or transactions with a testator, or intestate. The proposition in this case, is, to prove an admission of appellant, that the decree had been settled by the principal debtor in his life. The point of controversy is, was that admission made, or, if made was it founded in fact, or in mistake. The admission certainly refers to a transaction with a deceased ·person, but that transaction is material only, in determining whether the admission was made, or if made to enable the jury to give it proper application. The admission is here the main fact, proved, or to be disproved — the settlements with the deceased, are only collateral to it. The evidence of appellant was not intended to prove such settlements as independent facts, disconnected from the admission. The settlements were material only so far as they enabled the jury

[Cousins *v.* Jackson.]

to determine whether the appellant had made the admission imputed to him — or if he made it, whether it was founded in fact, or in mistake — or to determine whether the admission he made did not refer to settlements in which the decree was not included. Such evidence is not within the mischief the exception was intended to guard against. It is only when admissions made by, or transactions with, the dead, are offered as independent, original evidence, to charge them, or those claiming in succession to them, that the exception of the statute applies.

The exception in the statute rendering parties competent as witnesses, is intended to place them on grounds of substantial equality. If the appellant is precluded from giving evidence qualifying, or explaining, or contradicting, the admission proved by the personal representative of the deceased principal debtor, because it may be necessary for him to state admissions made by, or transactions with the principal debtor in his life, this equality is not preserved. The appellee was as competent to prove the admission as was the administrator of the principal debtor. It may be difficult, if not impossible, to explain or contradict the admission, and the explanation or contradiction is the clear right of the appellant, without referring to such admissions or transactions, and they may be known to the appellant only, the sole surviving party to them. To receive the admission against him, when proved by his adversary, or any other witness incompetent but for the statute, and deny to him the opportunity of explanation or contradiction, would produce inequality in the operation of the statute. *Sanford* v. *Sanford*, 5 Lansing (N. Y.), 486.

Nor does the appellee stand in a position to invoke the exception of the statute. He is not the personal representative of the deceased, nor does he stand in any such relation of privity to him, as to come within the mischief against which the exception guards. The judgment rendered against him, if one should be obtained, would operate only as evidence against the representative of the principal debtor. If the judgment is obtained, and the appellee satisfies it, and seeks a recovery over against the representative of the principal debtor, the appellant would certainly be a competent witness for him to prove that the demand had not been paid by the principal debtor in his life, nor embraced in any settlement they had made. In such suit, the judgment would only be one of the facts on which a recovery depends. If it could be admitted that because the judgment rendered in this suit might become a material element in another suit, in which the personal representative of the principal debtor would be a defendant, the appellee is entitled to invoke the exception, then the exception instead of

being confined to particular suits between particular parties, must be extended to every suit which may result in the institution of the particular suit. It would embrace every case in which there could be a recovery over against an executor or administrator. A guarantor, or an agent entitled to seek indemnity from a deceased principal, or one who has been indemnified by a person deceased, and who could if charged, recover over, would be entitled to invoke the exception. The exception instead of being simple, clear, and easy of application, would be embarrassed in its administration, and would operate to exclude evidence, which the statute designed to let in, leaving its credibility to be determined by the jury. The mischief against which the statute guards by the exception, is permitting a party to testify to admissions made by, or transactions had with his deceased adversary, whose lips death has sealed from contradicting or explaining. It was not intended to operate between the living, when they do not stand in a representative capacity, or claim, in succession to the deceased. The authorities to which the counsel of the appellee refers, have been considered, and seem to us in harmony with this view. The first of these is *Stuckey* v. *Bellah* (41 Ala. 700), in which an administrator was sued individually for the conversion of a watch. Under the facts of the case the suit could as well have been maintained against him in his representative capacity as the property of his intestate ; he had taken possession of the watch, asserting no right or title in himself. It was properly held, the plaintiff could not evade the exception of the statute, by electing to sue him individually, instead of in his representative capacity. The judgment in the suit would have operated as effectually to defeat the claim of the intestate to the watch, as if the suit had been against the defendant in his representative capacity. The case of *Stevens* v. *Hartley* (13 Ohio, 525), was an action against a residuary legatee, to charge him with a debt of the testator. The legatee claiming in succession to the testator, was as we have said within the spirit of the exception and entitled to its protection. So, in the case of *Waldman* v. *Crommelin* (46 Ala. 580), the administrator *de bonis non*, was claiming and suing as successor to the deceased administrator in chief. We are of the opinion the circuit court erred in the rejection of the evidence.

McCain, the administrator of the deceased principal debtor, proved that soon after he became administrator, the appellant requested him to accept notice of some proceeding relating to the decree, intended to be had in the court of probate. That he declined to accept the notice, and in the course of the conversation, asked the appellant why he did not give a receipt for the decree, when he and the deceased had a settlement of

it, saying at the same time to appellant that he knew the deceased did not owe him anything on the decree. The only reply appellant made was, that he did not give a receipt because the deceased would not settle or pay an individual debt he had against him. The appellant testified that the notice he requested McCain to accept, was of an application to the court of probate for a revivor of the decree, and that McCain refused, saying if he was made a party to any such proceeding, it must be by regular service of process, and that this was all the conversation then had by them. A short time afterwards he had a conversation with McCain, in which McCain made the statement to him he had repeated. The plaintiff then proposed to state his reply to this statement, for the purpose of contradicting McCain. To this the appellee objected because it referred to a different conversation than that to which McCain had testified, and the objection was sustained. It is certainly true, that an admission made at one time cannot be qualified or controlled by counter or opposing declarations or admissions made at another time. Here, however, the witnesses were in direct conflict as to the time when the conversation between them occurred, in which the admission was made, if made at all. This conflict of evidence was matter for the jury. The evidence offered should have gone to the jury, under proper instructions from the court.

The judgment is reversed and the cause remanded.