WILLIAMS v. BROWN ET AL.

1. **Evidence:** WHEN EXECUTOR IS A PARTY. In an action upon a promissory note by the executors of the assignee of the note, wherein the defendant averred that the alleged assignee was really the agent only of the payee, and that he had made payment to the agent, it was *held*, that the court might, in a trial without a jury, exclude the testimony of the defendant in support of his averment.

*Appeal from Johnson Circuit Court.*

MONDAY, DECEMBER 11.

THIS is an action brought upon a promissory note made by appellants, and payable to Edsal Roup or bearer. It is alleged in the petition that the payee transferred said note before maturity, and that it is now the property of plaintiffs in their

official capacity as executors of the estate of John Williams, deceased.

The answer admits the execution of the note, and as matter of defense alleges that John Williams, at the time of making the note, was the agent of payee, and as such agent loaned to M. Brown the sum mentioned in the note, and took the note as evidence of the indebtedness, appellant, William Wolf, being surety; that said Brown paid to said Williams as such agent the full amount of said note; that this action is brought in the name of the executors, with the fraudulent intent of preventing defendants from testifying as witnesses; that the supposed cause of action, if any there is on said note, accrued to Edsal Roup, and not to plaintiffs.

There was a trial by the court; judgment for plaintiffs, and defendants appeal.

*Fairall & Bonorden*, for appellants.

*Edmonds. & Younkin*, for appellees.

ROTHROCK, J.—I. On the trial of the case the plaintiffs having the note in their possession introduced it in evidence and rested. In order to defeat recovery thereon, the defendants sought to establish, first, that the note was in fact the property of Roup, the payee, and second, to show by the testimony of appellants that it was paid to Williams in his lifetime. If the evidence was not sufficient to establish the first proposition, the second could not be shown by the testimony of the defendants. Code, Sec. 3639. It is conceded that such testimony would be in the nature of a personal transaction between the witnesses and the deceased.

After the evidence as to the ownership of the note was introduced, defendants offered to show by the evidence of

1. EVIDENCE: when executor is a party. Brown, one of the defendants, that the amount due on the note was paid to Williams in his lifetime. Objection was made to this evidence, which was sustained, and the defendants assign this ruling of the court as error.

We do not concur in the proposition of appellants' counsel,

that it was sufficient for defendants to make merely a *prima facie* showing that Williams was the agent of Roup in loaning the money, and that the note in question was in fact the property of the latter, in order to allow Brown to testify that it was paid to Williams. This proposition might be correct if the case had been tried by a jury. It would have been the province of the jury to determine both questions, and the court could not know in advance how the question of agency and ownership would be determined, and might very properly have allowed the payment to Williams to be shown.

But, as the trial was to the court, unless the finding as to the agency and ownership is so manifestly against the evidence as to demand a reversal on this ground, there was no error in excluding the evidence of Brown.

We have each carefully examined the evidence on this question, and while we may say we are of opinion that as it appears to us the finding might well have been otherwise, yet, under the rule well established here, we cannot interfere. We must treat the finding the same as though it were the special verdict of a jury on that question.

It is unnecessary to detail the evidence here.

AFFIRMED.