## LUEHRSMANN v. HOINGS, EX'R.

1. **Evidence:** ACTION AGAINST EXECUTOR: PERSONAL TRANSACTION. Under section 3639 of the Code, the plaintiff in an action against an executor can be allowed to testify only in regard to those personal transactions between himself and the decedent as to which the executor himself has been examined on his own behalf.

*Appeal from Clinton Circuit Court.*

TUESDAY, APRIL 17.

THIS is a proceeding to establish a claim against the estate of Herman Kahle, deceased, which claim consists of two promissory notes which were executed by Kahle in his lifetime. The defendant pleaded that the notes were without

consideration, and that they had been paid by Kahle. There was a trial by jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*W. C. Grohe* and *L. A. Ellis*, for appellant.

*A. R. Cotton*, for appellee.

ROTHROCK, J.—I. It is contended in argument that the verdict is not sustained by the evidence. We think otherwise. A careful examination of the entire evidence leads us to the conclusion that the jury were fully warranted in finding that the notes had been paid by Herman Kahle, the maker.

II. The defendant, the executor, testified to certain transactions between the decedent and the plaintiff. The plaintiff was also a witness, and certain objections to his testimony were sustained, because the facts sought to be elicited were in the nature of personal transactions between himself and the decedent, and of which the plaintiff was not a competent witness, under section 3639 of the Code. It was sought by the testimony of the plaintiff to prove that the notes in controversy had not been paid by Kahle. Questions in various forms were asked the witness, the answers to all of which would necessarily involve personal transactions between the plaintiff and decedent. It is claimed that the testimony was competent, because the executor was examined as a witness in his own behalf. In answer to this position, we deem it sufficient to say that the plaintiff was not, by any of the rulings complained of, deprived of the right to testify fully in relation to any transaction or communication concerning which the defendant, the executor, testified and, under the provisions of section 3639 of the Code, he was not a competent witness to any other such transaction or communication.

III. Exceptions were taken to the instructions given by the court to the jury, and to the refusal to give certain instructions asked by the plaintiff. We do not deem it necessary to set out these objections. They are ingenious, and

some of them are plausible, but they fail to convince the mind that the court erred in any material respect in the rulings complained of. Indeed, it appears to us, looking at the whole record, that the case was tried and sent to the jury in an exceptionally unobjectionable manner.

AFFIRMED.