Cochrane v. Breckenridge.

| 75 | 213|
| 92 | 387|
| 75 | 213|
| 98 | 514|

COCHRANE *et al.* v. BRECKENRIDGE.

1.  **Evidence:** PERSONAL TRANSACTION WITH ONE DECEASED. In an
    action by the personal representatives of a decedent involving the
    title to land, the testimony of defendant and his wife, that by an
    oral contract with the deceased the defendant purchased and paid
    for the land in question, was incompetent, under section 3639 of
    the Code ; and the fact that one of the plaintiffs testified to search-
    ing among the papers of decedent for a certain conveyance did not
    open the door for such incompetent testimony.

2.  **Appeal:** PRACTICE : TRIAL DE NOVO : OBJECTION TO EVIDENCE.
    When a case is triable *de novo* in this court, an objection to the
    competency of evidence, which was made below, may be renewed,
    even though no exception was taken to its admission below.

*Appeal from Audubon District Court.*—HON H. E.
DEEMER, Judge.

FILED, SEPTEMBER 10, 1888.

THIS action was commenced by Robert Cochrane in his lifetime to restrain the defendant from trespassing on certain real estate which belonged to the deceased, as he claimed, and asking such other relief as he was equitably entitled to. The defendant denied the material allegations of the petition, and pleaded that he was the owner of the equitable title to the real estate, and asked that the plaintiff be compelled to convey the same to him, that his title be quieted, and for general relief. Prior to the hearing in the district court, Robert Cochrane departed this life, and the plaintiffs, his legal representatives, were substituted as plaintiffs. A temporary injunction was granted, and the court found that the real estate belonged to the plaintiffs, and entered a decree quieting the title in them, and the injunction was made perpetual. The defendant appeals.

*Theo. F. Myers* and *J. M. Griggs*, for appellant.

*H. F. Andrews*, for appellees.

SEEVERS, C. J.—The defendant claims that during the lifetime of Robert Cochrane he entered into an oral contract with the deceased, whereby he purchased and paid for the real estate in controversy, and under such contract he entered into possession thereof. The defendant and his wife were introduced as witnesses in the defendant's behalf. It was objected that they were incompetent and could not testify as to any personal transactions between the deceased and the defendant. The evidence was admitted, and said witnesses gave evidence tending to show a purchase by defendant and payment for the real estate. This was a personal transaction with the deceased, and the evidence was clearly incompetent. Code, sec. 3639.

It is said that we cannot consider the competency of the witness, because there was no exception taken to the ruling of the court in admitting the evidence. As this is an action in equity, no exception was necessary. The objection made below can be renewed here for the reason that the trial is *de novo.*

It is said that the witnesses were competent, because one of the plaintiffs was introduced as a witness in their behalf. Such witness testified only to searching among the papers of the deceased for a certain conveyance. This did not have the effect to make the defendant and his wife competent to testify to personal transactions with the deceased; and as their evidence must be rejected, the defendant has utterly failed to establish the defense pleaded by him, and therefore the decree of the district court must be **AFFIRMED.**