IN RE ESTATE OF T. E. BROWN, Deceased;· S. S. COLE, Appellant, v. E. L. MARSH, ANNA L. BROWN, AND W. S. BROWN, Administrators.

| 92 | 379 |
| 103 | 597 |
| 92 | 379 |
| 109 | 218 |
| 92 | 379 |
| 111 | 318 |
| 111 | 540 |
| 92 | 379 |
| 116 | 507 |

**Transaction with Decedent.** The introducing a check given to plaintiff by decedent which recites for what it is given and which is indorsed by plaintiff, is not the testimony of deceased, in such sense as to allow the plaintiff to contradict the recitals by his own oath. *Marsh v. Brown,* 18 Hun, 319, distinguished.

SAME. A question asking whether all moneys received for services were paid by check, calls for a personal transaction.

SAME. To ask plaintiff whether words now found on a check were upon it when delivered, is inadmissible as calling for a personal transaction with decedent. KINNE and GIVEN, JJ., dissenting.

TESTIMONY BY ADMINISTRATOR. That the administrator identifies the check does not permit plaintiff to testify what it was given for. *Ferebee v. Pritchard,* 16 S. E. Rep. 903, followed. *Cousin v. Jack,* 52 Ala. 262; *Sweet v. Low,* 28 Hun, 432; *Carlton v. Railway Co.,* 7 S. E. Rep. 623, distinguished.

**Alteration of Check.** It will not be presumed that recitals have been inserted into a check, after delivery, and it is held, *arguendo,* that this is so, though an alteration appear upon its face.

**Liquidated Demand: Consideration.** While the acceptance of a check for less than a liquidated demand does not, of itself, bar a recovery of the balance, yet a settlement of such a demand, upon distinct consideration, will be upheld, and the absence of such consideration must be shown by him who has accepted the check.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

THURSDAY, OCTOBER 25, 1894.

PROCEEDING to establish a claim against the estate of T. E. Brown, deceased. Trial to a jury. Verdict by direction of the court for defendants. Plaintiff appeals.—*Affirmed.*

*Cummins & Wright* for appellant.

*N. T. Guernsey* for appellees.

KINNE, J.—I. October 29, 1891, plaintiff filed in the district court of Polk county, Iowa, a claim against the estate of T. E. Brown, deceased, in which he averred that defendants were the administrators of said estate, and that there was due him from them, as such administrators, the sum of five thousand, five hundred and two dollars. The claim or petition is in twenty-one counts, all of which are based upon attorney's fees taxed in as many different suits, brought by plaintiff as attorney for deceased and in his name, against one Ezra W. Truesdell and others, for judgment on certain notes and the foreclosure of mortgages, securing them, upon various tracts of real estate. All of said suits were brought in Polk county, Iowa. It appears that in each of these cases a judgment was rendered against the defendants, attorney's fees taxed, executions issued, and the real estate sold and bid in by Brown; and that, upon the expiration of the redemption period, deeds in pursuance of said sales were executed by the sheriff of Polk county to Brown. The property in each case was purchased for the full amount of the judgment, interest, attorney's fees, and costs; Brown receipting to the sheriff on the date of sale for the full amount of said judgment, and paying said officer all costs, except attorney's fees, in cash. Brown did not pay the officer the attorney's fees to which plaintiff was entitled, but plaintiff receipted to the sheriff therefor. Plaintiff claims his fees have not been paid, and asks that his claim be established against said estate, and ordered

paid.   The claim is denied by the administrators, and they aver payment of it.   They also say that about April 17, 1890, deceased and plaintiff had a settlement, which embraced, among other matters, the attorney's fees claimed in this action; that a balance was then found to be due Cole, which was then paid to him by giving to him the following check:

"Twenty-eight dollars and twenty-five cents.

"DES MOINES, Iowa, 17 April, 1890.

"*Iowa National Bank:*

"Pay to the order of S. S. Cole twenty-eight and twenty-five one hundredths (28.25) dollars.   Balance on settlement to 1 April, 1890.   This embraces attorney's fees in Truesdale cases and other foreclosures.                                T. E. BROWN."

It is conceded that Cole received this check, indorsed his name on the back of it, and drew the amount represented by it.   At the conclusion of the testimony, both parties asked the court to direct a verdict.   The plaintiff's motion was overruled, and the defendants' motion was sustained.   To each of said rulings plaintiff excepted.   The court entered judgment on the verdict for defendants, and against plaintiff for costs.

II.   Defendants offered the check in evidence after establishing the fact that it was in Brown's handwriting.   Plaintiff objected, because it was irrelevant, immaterial, and incompetent.   *First,* because it was not shown that the entire written portion of the check was written before it was signed by Brown and delivered to Cole; *second,* because in view of the provisions of our statute providing for the taxing of attorney's fees in such cases prohibiting the sharing of such fees with any person other than a practicing attorney associated in the same case, the check had no tendency to establish any material allegation made by the defendants, or in issue in the case.

The objections were overruled, the check admitted in evidence, and error assigned thereon. It will be observed that the check, containing the statements that it did, and being indorsed on the back by Cole, in effect constituted a receipt. Appellant contends that to have that effect it must first be shown that the entire written portion of the check was written before it was delivered to or indorsed by Cole. We know of no authority, and are referred to none, which warrants us in applying in such a case a different rule from that which obtains in case of other written instruments. There can be no presumption that the words, "This embraces attorney's fees in Truesdale cases and other foreclosures," were written in this check by Brown after Cole had drawn the money on it, and it had been returned by the bank to Brown.

The law will not assume or presume that Brown committed a crime by thus inserting those words. There is nothing on the face of the check in any way tending to show that it is now different from what it was when delivered. If it be said that Brown's signature is below the printed line, that fact does not tend to sustain plaintiff's claim that the words above set out were inserted in the check after it had been paid and returned to the bank by Brown. The insertion of memoranda in checks showing the character of the transaction evidenced by them is a common practice. We have, then, a case of a written instrument, regular in form, properly signed, and nothing about it to indicate that, when offered in evidence, it was not in all respects as when it was delivered to the payee. We see no reason for holding that, before the check could be introduced, it was incumbent on defendants to show that the written portion had all been written before it was delivered to plaintiff. To so hold would be indulging in a presumption, in the absence of evidence, that

the paper had been changed. The presumption, in the absence of evidence, is the other way. Even if this check showed on its face that it had been altered, it would not follow that it was changed illegally, or without authority, or after its delivery. *Potter v. Kennelly*, 81 Iowa, 96, 46 N. W. Rep. 856; *Hagan v. Insurance Co.*, 81 Iowa 321, 46 N. W. Rep. 1114. The other ground of objection is not argued.

III. Plaintiff, Cole, as a witness, was asked the following questions: "You may state, Mr. Cole, for what the check (Exhibit A) introduced in evidence by the defendants was given to you." "Examine the face of the check, Mr. Cole, and state what, if any, words in writing are now on the check that were not there when the check was delivered to you, and when you indorsed it." "You may state, Mr. Cole, whether all the sums of money that you received from Mr. Brown after the beginning of the foreclosures which have been designated in this record as numbers 1908 to 1928, inclusive, and prior to the death of Mr. Brown, were received by you in the form of checks." These were all objected to, under Code, section 3639, as calling for personal transactions between the plaintiff and deceased. The objections were sustained. Appellant insists that the first question was proper, because the writing on the face of the check by the decedent was a statement by him of the purpose of the check, and constituted his testimony as much as any other entry made by him, and because one of the administrators had testified to the same transaction. Our statute provides: "No party to any action or proceeding * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased * * * against the * * * administrator * * * of such deceased person. * * * But this prohibi-

tion shall not extend to any transaction or communication as to which any such executor, administrator * * * shall be examined on his own behalf, or as to which the testimony of such deceased * * * person * * * shall be given in evidence." Code, sec. 3639. Was the writing put in evidence the testimony of deceased? If so, Cole should have been permitted to explain it. The word "testimony," in its restricted legal sense, means a statement made under oath in a legal proceeding, and does not embrace a document or private writing. Webst. Dict.; Black, Law Dict. Viewed in this light, the check was not testimony of the deceased. But the word "testimony," as often and possibly generally used, embraces more than mere verbal statements made under oath in a legal proceeding. Counsel rely upon *Marsh v. Brown*, 18 Hun, 319. That was a case where the controversy was as to whether a certain heir should be charged with twelve thousand, five hundred dollars as an advancement. The administrator introduced in evidence an entry made by the decedent charging plaintiff with that sum as an advancement. The statute of New York is substantially like our own, the exception reading: "Except where the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication." The supreme court of New York held that the entry of the deceased was his evidence; that it was his declaration that he had advanced or given in cash to the plaintiff the twelve thousand, five hundred dollars; and that plaintiff should have been permitted to explain it. That case is not, as it seems to us, authority for holding that in the case at bar Cole could testify for what the check was given him by Brown.

In the cited case the testimony introduced consisted of a private writing or entry of the deceased, to which he alone was a party. It did not appear in that

case that the plaintiff had ever seen or heard of the entry before its introduction on the trial. He could not be bound by anything and everything that deceased might enter on his private books. In the case at bar we have a check in which there is a statement as to what it is given for. This check is delivered to the plaintiff. He indorses it, and draws the money thereon. Now it is evident that, after the claimant has received and indorsed the check, it is more than a check or order for the payment of money. It is then, as between the parties, in the nature of a receipt — an acknowledgment by the claimant that the money called for by the check is for the purpose stated therein. In legal effect, so far as these parties are concerned, it is as if the parties had entered into an agreement in writing, and both signed it. The check is, then, as much the testimony of the claimant as of deceased, except that it is offered on behalf of the defendants. If the check has not been changed, it is the written admission of the plaintiff that he received a certain sum therein named in payment for services as stated therein. In the cited case, the living witness is permitted to dispute or explain an *ex parte* entry made by deceased in his own books, and with which he had no personal connection.

In the case at bar, plaintiff seeks to explain a writing to which he became a party. We do not think that the check can be said, under the circumstances, to be the testimony of the deceased in such a sense as to bring the case within the statutory exception. What we have said so far relates to the question first set out.

It is contended that the evidence was admissible, because Marsh, one of the administrators, had testified to the same transactions. It is said that the exception rendering parties competent as witnesses when the administrator has testified is intended to place them on grounds of substantial equality. That

may be conceded. The administrator testified in chief that the check was in the handwriting of deceased; that the name S. S. Cole, on the back of it, was the handwriting of claimant. That permitted plaintiff to testify touching those matters, and nothing else. This testimony as to the check and signature was not evidence of a personal transaction. *Sankey v. Cook*, 82 Iowa, 125, 47 N. W. Rep. 1077. The witness did not testify to having seen Brown write the check, or his signature thereto. Even if it should be conceded that it was testimony relating to a personal transaction, the inquiry, as before indicated, would be limited to the matter inquired about. *Wood v. Brolliar*, 40 Iowa, 591; *Luehrsmann v. Hoings*, 60 Iowa, 708, 15 N. W. Rep. 571; *In re Estate of Edwards*, 58 Iowa, 434, 10 N. W. Rep. 793. In support of his contention, counsel for appellant relies upon *Cousin v. Jack*, 52 Ala. 262; *Sweet v. Low*, 28 Hun, 432; *Carlton v. Railroad Co.*, 7 S. E. Rep. (Ga.) 623. In the case of *Cousin v. Jack*, plaintiff's claim was based upon a judgment, and was made against the defendant as surety on a bond. The principal in the bond was shown to be dead. His administrator was introduced as a witness by defendant to prove an admission made to the decedent in his lifetime that the judgment sued on had been settled. The plaintiff sought to show that the settlement embraced other matters than the judgment. It was held that the evidence should have been admitted. If the administrator in the case at bar had testified that he was present when the check was given, and that he had personal knowledge as to the matters embraced therein, or that he had heard the parties talk over their business, and agree upon the settlement evidenced by the check, we should have a case wherein the *Jack* case might be applicable. In the case at bar the administrator did not testify to any admissions by plaintiff. All he did was to identify the handwrit-

ing and the signature. The administrator, on cross-examination, testified that he had no personal knowledge as to the instrument. *Sweet v. Low* was a case where an administrator brought suit upon a note alleged to have been given to his intestate. He testified to finding the note among decedent's papers; that the signature thereto was in the handwriting of the defendant, and that the note was lost. It was held that defendant should have been permitted to show that he never gave such a note.

The case is unlike that at bar, where it is conceded that the paper was executed, delivered, and indorsed, and it is sought to show that its contents were not the same when produced on the trial as when it was delivered to Cole. In the *Carlton case* the decision is based upon the fact that the claimant was asked, when a witness on the stand, by defendant, if he signed the paper, and that was held to open the door so that he might show the circumstances under which he signed it. In principle the cited cases are not in conflict with the rule adopted in this state limiting the testimony of the party to the very matter inquired about of the administrator. The testimony of the administrator as to the handwriting and signatures did not authorize the plaintiff to testify touching the facts as to what the check was given for. That testimony identifying a signature is not testifying to a personal transaction, see *Ferebee v. Pritchard*, 16 S. E. Rep. (N. C.) 903; *Rush v. Steed*, 91 N. C. 226.

IV. The question as to the receipt of money by Cole from Brown, being the last one stated, was objectionable. It related to the manner of payment to Cole for his services. Payment has always been held a personal transaction. *Williams v. Brown*, 45 Iowa, 102; *Van Sandt v. Cramer*, 60 Iowa, 424, 15 N. W. Rep. 259; *Cochrane v. Breckenridge*, 75 Iowa, 213, 39 N. W. Rep. 274.

V. The remaining question, "Examine the face of the check, Mr. Cole, and state what, if any, words in writing, are now on the check that were not there when the check was delivered to you and when you indorsed it"—does that call for a personal transaction between deceased and Cole? It is impossible to define what, under all circumstances, will constitute a personal transaction. The question is to be determined largely by the facts peculiar to each case presented. We have held that one can not testify to facts touching the amount and character of work done for one since deceased, and other facts which tend to establish an implied contract. *Peck v. McKean*, 45 Iowa, 18; *Smith v. Johnson*, Id. 308; *Ashworth v. Grubbs*, 47 Iowa, 354; *Wilson v. Wilson*, 52 Iowa, 44, 2 N. W. Rep. 615; *Van Sandt v. Cramer*, 60 Iowa, 424, 15 N. W. Rep. 259; *Cowen v. Musgrave*, 73 Iowa, 386, 35 N. W. Rep. 496. Later we held that the statute did not "exclude proof of facts from which by inference other facts may be found." *McElhenney v. Hendricks*, 82 Iowa, 657, 48 N. W. Rep. 1056. In the case of *Dysart v. Furrow*, 90 Iowa, 59, 57 N. W. Rep. 645, we said that "personal transactions and communications, as contemplated by the statute, are transactions and communications between the parties, of which both must have had personal knowledge." In *Marietta v. Marietta*, 90 Iowa, 201, it was held permissible for the claimant to testify as to the condition of the deceased during the progress of a disease with which he was afflicted, also as to the care and attention he required. In *Denning v. Butcher*, 91 Iowa, 425, 59 N. W. Rep. 73, we recognized the doctrine that a witness in such a case may testify to matters touching the deceased, knowledge of which he acquired from observation alone; and that a personal transaction means the doing or performing of some business between parties, or the management of any affair. In *Sankey v. Cook*, 82 Iowa, 126, 47 N. W.

Rep. 1077, we held that testifying as to the genuineness of a signature was not inhibited by the statute. Now, the statute prohibits such testimony "in regard to any personal transaction or communication," etc. Code, section 3639. Did the question call for testimony in regard to such a transaction? The majority of the court are of the opinion that it did, and hence was properly excluded. They think that the transaction embraced, not only the execution and delivery of the check, but also the indorsement of it by Cole; that it stands as an instrument to which both Cole and decedent were parties; and that the question does not call for evidence of an independent transaction. They hold that, when the check was offered in evidence, the presumption was that it was in the same condition as when received and indorsed by Cole, and to permit Cole to testify as to what was in fact written on the paper when he thus received it and indorsed it would be admitting evidence as to what the transaction between the parties in fact was, and hence in contravention of the statute.

They are also of the opinion that the decisions of this court do not warrant the admission of the proposed evidence; that the cases of *Wadsworth v. Heermans*, 85 N. Y. 639, and *Carlton v. Railroad Co.* 7 S. E. Rep. (Ga.) 623, are not applicable; and that the cases of *Harris v. Bank* 1 So. Rep. (Fla.) 140; *Broughton v. Bogardus*, 35 Hun, 198, and *Foster v. Collner*, 107 Pa. St. 305, are decisive of the question. The writer and Mr. Justice GIVEN can not accede to the correctness of the result reached by the majority of the court on this branch of the case. We hold that the question called for an independent fact, to wit, the knowledge of Cole as to the condition of the paper at a certain time; that that knowledge was obtainable by observation alone, and without regard to any transaction or dealing between the parties. If this check

was altered after it finally left Cole's hands, and was returned to Brown, it seems to us impossible to say that that fact can not be shown, when to do so does not involve the detailing of the transactions or dealings of the parties, but is ascertainable from observation alone. The theory of the law is to close the mouth of the living person as to a matter in which he had a part. If this check was altered by the insertion of the words claimed after it left Cole's possession, we are unable to perceive on what theory it can be said that Cole was a party to a transaction of which he had no knowledge whatever. We admit that the line of demarcation between what is a personal transaction and what is not is not clear, and from the very nature of such cases, must ever be so. We place our determination of this question on the broad ground that while the execution and delivery of the check by Brown to Cole was a personal transaction, or at least evidence of it, still the determination of what was in fact written in the check was a matter appearing from an inspection of the face of the instrument itself, without resort to any act or communication of the parties which preceded or accompanied its delivery, acceptance, or indorsement. We think the *Wadsworth* and *Carlton cases* support our view.

VI. It is said that Cole's claim was liquidated, and that such a claim can not be settled by a payment of a part of the debt; that a check given a creditor for a less sum than his claim in payment, and the indorsing and obtaining the money thereon, does not amount to an agreement to the terms of the check, or preclude the creditor from recovering the balance of his debt. These and other kindred propositions are conceded by appellees; hence no authorities need be cited in their support. For all that appears, there may have been a good and valid consideration for this settlement, if one was in fact made. In this class of cases it is incumbent upon the

claimant to show that something is due him before he can recover. *Stevens v. Witter*, 88 Iowa, 636, 55 N. W. Rep. 535. This he has not done. The writer and Mr. Justice GIVEN think the case should be reversed, as we can not say what the effect of the proposed evidence as to the condition of the check might be; but, under the holding of a majority of the court, it must be AFFIRMED.