ELLEN McALEER v. ED. McNAMARA, Appellant.

**Evidence:** TRANSACTIONS WITH A DECEDENT. The mere allegation that plaintiff is the donee of a testator who delivered the gift to the defendant with instructions to turn it over to plaintiff, and proof tending to sustain the allegations, are insufficient to exclude the testimony of defendant regarding the transaction with testator on the ground that it was a communication between the witness and one since deceased, the plaintiff not alleging that she was an assignee of the fund.

*Appeal from Jones District Court.*—HON. WM. G. THOMPSON, Judge.

FRIDAY, OCTOBER 30, 1908.

THIS suit was brought to recover a sum of money, alleged in the petition to have been delivered to the defendant for plaintiff by their mother. There was a general denial filed by the defendant, and a trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.

*Cash & Rhinehart,* for appellant.

*Voris & Haas,* for appellee.

SHERWIN, J.—The evidence of the plaintiff's witness tended to show that, on the day of her death, the mother of the parties to this action delivered to defendant a bank certificate of deposit for $350, saying to the defendant, at

the time of such delivery: "Send this to Ellen, and let her come home and see me." On the trial the defendant offered his own testimony as to the transaction in question, but it was objected to, on the ground that he was an incompetent witness, under section 4604 of the Code. He was not permitted to testify, and the correctness of the ruling is the only question we have for determination in this case. Said section provides as follows, so far as the same is material here: "No party to any action or proceeding, nor any person interested in the event thereof, . . . shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination, deceased, . . . against the executor, administrator, heir at law, next of kin or assignee . . . of such deceased person." The plaintiff claims that she was the assignee of her mother, and that, being such assignee, the case is brought within the rule of the statute, and the defendant was therefore an incompetent witness as to the transaction with his mother involving the delivery of this certificate of deposit to him. There was no written assignment of the certificate to the plaintiff. This, of course, was not necessary to constitute a valid assignment of the instrument, for such an assignment may be as effectual in parol as in writing. *Howe v. Jones,* 57 Iowa, 130; *Switzer v. Smith & McGowan,* 35 Iowa, 269. The plaintiff did not specifically allege that she was the assignee of the certificate of deposit, but said that her mother "placed in the hands of the defendant, to be delivered to her, the sum of $350 cash, or its equivalent, and that the defendant received the money as the money of the plaintiff, from the mother of the plaintiff, and orally agreed to turn the same over to this plaintiff." This amounted to no more than an allegation of a gift to the plaintiff; and, unless it be said that a donee is an assignee within the meaning of the statute, the testimony offered should have been re-

ceived. In my judgment a mere donee should not be held to be an assignee within the intendment of this statute. But whatever the rule of construction should be, it is manifest that it can only be invoked by one who has shown himself to be an assignee in fact. A mere allegation that such is the fact is not sufficient, nor is evidence tending to sustain such an allegation alone sufficient, to exclude the testimony of a witness on that particular issue, even though such testimony relate to personal communications and transactions between the witness and the deceased. Any other rule would permit a mere allegation in pleading to take the place of proof, and open the door for all kinds of fraud. *McClintic v. McClintic,* 111 Iowa, 615; *French v. French,* 84 Iowa, 655; *Williams v. Brown,* 45 Iowa, 102; *Sorensen v. Sorensen,* 68 Neb. 483 (100 N. W. 931); 50 Century Digest, section 629, 730. McNamara was a competent witness on the question of assignment and he should have been heard. *Reversed.*

EVANS, J., taking no part.