Ault v. Fleming.

## AULT *v.* FLEMING.

| 7 | 143 |
|---|-----|
| 81 | 328 |

The fact that the words "ten per cent. from date," in a promissory note, are written in a different ink, and a different handwriting, from the body of the note, does not afford sufficient *prima facie* evidence of a fraudulent alteration of the note, to throw the burden of proof upon the plaintiff.

The question as to the improper alteration of a written instrument, should be left to the jury, under the evidence; or, in case there is no evidence, under the instructions of the court.

*Appeal from the Jasper District Court.*

SATURDAY, OCTOBER 30.

This action was brought upon a promissory note, before a justice of the peace, who rendered judgment for the plaintiff for the amount of the note. The defendant ap-

pealed to the district court.   He denied indebtedness, and also denied that the words "ten per cent. from date," which are the last words of the note, constituted a part of it, when it was executed.

On the appeal, the issue was tried by the court, and found for the defendant.   The plaintiff appeals. The other material facts, will be found in the opinion of the court.

*Seevers, Williams & Seevers*, for the appellant.

*Sloan & Clark*, for the appellee.

WOODWARD, J.—We will regard the paper in the transcript, which is signed by the judge, as the finding of the court under the statute.

This finding shows, that the words which are denied, were written in a different ink, and a different handwriting from the body of the note.   The court held this to afford sufficient *prima facia* evidence of a fraudulent alteration, to show the burden of proof upon the plaintiff, and decided the cause upon that ground, accordingly. There was some testimony in the case on each side, but it was so slight, that it was not regarded as sufficient to determine the cause in favor of either party; and therefore, the court found no fact upon which this court can proceed, but determined the cause upon the mere question of law—upon whom is the burden of proof, when a suspicious alteration appears upon the face of the instrument ?

In the case of *Jones* v. *Ireland*, 4 Iowa, 63, this court held that where the disputed words, " ten per cent," were written in a different ink from the rest of the note, it did not furnish a presumption of a wrongful alteration.   Upon the strength of the authorities and reasoning in that case, we are not disposed to hold that a different handwriting with a different, ink leads to such a presumption. The cases lay more emphasis upon the fact of an interlineation, and

especially of an erasure, and it would seem to require at least one of these circumstances, to call for a rule which would make a presumption of guilt in a criminal case.

It will be remembered, that this court does not look at the testimony itself, in a case standing as this does, but at the facts found by the court below. The court here, however, finds no facts, but determines the cause upon the presumption which was supposed to apply to the plaintiff's position. This presumption being held not to apply to him, the case did not exist which was assumed by the district court. We are not to be understood as saying, that the rule as to the burden of proof, adopted by the district judge, was not the correct one, but that the case did not exist for its application. That rule has not been before the court more directly than in the case of *Jones* v. *Ireland*, and nothing is now required in addition to what is said in that case.

The question whether there has been an improper alteration of the instrument, is properly referred to the jury, under the evidence, or in case there is no evidence, under the instructions of the court.

The judgment is reversed.