## VAN HORN and CLARK, Adm'rs v. BELL.

1. ALTERATION OF A MORTGAGE. Where a mortgagor altered a mortgage after it was signed by his co-mortgagor, without the knowledge and consent of such co-mortgagor, by inserting the discription of additional property, it was held that the mortgage was valid as to both mortgagors as a conveyance of the property described therein before the alteration was made; and that the party who made the alteration was bound by it as a conveyance of all the property embraced both in the original mortgage and in the alteration.

Van Horn and Clark, Adm'rs, v. Bell.

2. SAME: ONUS PROBANDI. Where in an action to foreclose a mortgage, the execution of the mortgage is not denied under oath, the burden of showing that it has been altered since it was executed is upon the defendant.

3. SAME. *Semble* that when it appears that an alteration in a mortgage has been made after delivery, it is incumbent upon the mortgagee to explain the circumstances under which the change was made.

*Appeal from Louisa District Court.*

MONDAY, APRIL 15.

*L. Chase* for the appellant.

Where an instrument has been altered it is incumbent upon the party offering it in evidence to explain the alteration. 1 Greenl. Ev. 697; 4 Kent 5 .0, notes; *Morris* v. *Vandorin*, 1 Dal. 67; *Dervost* v. *Gratz*, Pet. C. C. 369; *Gibbs* v. *Osborn*, 2 Wend. 555; *Acker* v. *Sedgwick*, 8 Barb. 514; *Jackson* v. *Jacoby*, 9 Cow. 125; *Hills* v. *Barnes*, 11 N. H. R. 395; *Adams* v. *Frye*, 3 Met. 103; *Warren* v. *Layton*, 3 Harr. 404.

*John N. Rogers* for the appellee, relied upon the following authorities: *Jones* v. *Ireland*, 4 Iowa 63; *Ault* v. *Fleming*, 7 Ib. 143; *Harlan* v. *Berry*, 4 G. Greene 212; American note to *Master* v. *Miller*, 1 Smith L. C. (4 Am. ed.) 813; *The United States* v. *Linn*, 1 How. S. C. R. 104; *Davidson* v. *Cooper*, 11 Mees. & W. 778; *Arrison* v. *Armstead*, 2 Barr 191.

BALDWIN, J.—This is a proceeding to foreclose a mortgage given by defendant to secure the payment of a promissory note. The mortgage purports to convey some two hundred and forty-six acres of land in Louisa county., and also lot 3 in block 2 in the town of Wapello; and to be executed by said Bell and his wife.

The justice of the peace before whom the mortgage was acknowledged by Bell and wife, adds to his certificate the

following words : "Lot No. (3) three in block (9) nine was inserted after the mortgage deed was drawn in my presence."

The defendant in his answer admits the execution of the note; admits that he executed a mortgage similar to the one annexed to plaintiff's petition, but denies that lot No. 3 in block 9 was included in the mortgage executed to plaintiffs; claims said lot as a homestead ; says that he is married, and that he and his wife were living upon said lot when the mortgage was given ; and that his said wife never signed or acknowledged any mortgage for the conveyance thereof, and asks that the same may be exempt from foreclosure.

To this answer the complainants replied, admitting that said lot was the homestead of defendants, but averred that said lot was in the mortgage, by direction of defendant Bell, after his wife had signed the same, and without her concurrence.

Defendant, in a rejoinder, denies any consent given to said alteration.

The cause was submitted upon the pleadings, proofs and exhibits, and a judgment and decree rendered for plaintiff as prayed for, exclusive of lot 3, which was decreed to be released from the operation of said mortgage.

The only error assigned is, that the decree was rendered without proof showing the defendant to be a party to the alteration of the mortgage declared upon. The position assumed by the appellant in his argument is, that the mortgage is rendered void by the alteration. This position does not seem to have been relied upon by the defendant in the court below. By his answer he admits the execution of the mortgage, but claims that the homestead was inserted without the consent of the wife ; and therefore it should be exempt.

It is not admitted by the complainants, nor is it claimed by the defendant, in the pleadings, that the alteration was made after the execution of the instrument by the defendant, John Bell, or that it was made after the delivery to the

mortgagee. If it had been shown that the alteration was made after delivery, it might then have been incumbent upon the plaintiffs to explain the circumstances under which it was made. There is no evidence in the record before us, and the cause can only be determined by what is admitted by the pleadings. Now what is the presumption in regard to when this alteration was made? The justice certifies that this lot was inserted "after the mortgage was drawn and in his presence." If there had been any design on the part of the mortgagee to make an alteration, fraudulent in its character, it would not have been done in this manner. It does not appear that it was made without the consent of Bell, or after it was executed or acknowledged by him; but after it was *drawn*. The defendant failed to deny the execution of the mortgage under oath, and until this was done the burden of proof was upon him to show that the alteration was made without the knowledge or consent of the parties.

It is admitted by the replication that the lot was inserted without the consent of the wife; but it is claimed in the same pleading that it was done at the request of the defendant, John Bell, and with his knowledge and consent. Mr. Greenleaf says, that "where there are several parties to an indenture, some of whom have executed it, and in the progress of of the transaction it is altered, as to those who have not signed it, without the knowledge of those who have, but yet in a part not at all effecting the latter, and then is executed by the residue, it is good as to all." 1 Greenl. Ev. section 568. Apply this rule to this case. There is nothing to show but that the defendant, John Bell, consented that lot 3 should be inserted. Every presumption is that he did. The replication admits that the wife did not consent to the alteration. Then it can in no manner affect her, but should be good against John Bell. But this lot is conceded to be the homestead; consequently, the husband and wife not having joined in the mortgage, it could not be foreclosed; so that neither are in any manner affected thereby.

In conclusion, we hold that under the issue in this case the burden of proof was upon the defendant. It does not appear that any objections were made to the introduction in evidence of the altered mortgage; nor does it appear what evidence was introduced upon which the court found for plaintiffs. In the absence of any evidence, and upon the pleadings, as before stated, we think there is no error.

Judgment affirmed.