## WARREN v. CHICKASAW COUNTY.

1. ALTERATION: BURDEN OF PROOF. When the execution of a county order is not denied under oath the burden of showing that it was altered after execution is upon the maker.

*Appeal from Chickasaw District Court.*

TUESDAY, OCTOBER 14.

THE facts are stated in the opinion of the court.

*L. L. Ainsworth* for the appellant, cited Smith's L. C., 811; *Haines* v. *De Witt*, 11 N. H., 181; 3 Barb. S. C. R., 374.

*A. G. Case* for the appellee, cited *Grimsted* v. *Biggs*, 4 Iowa, 559; *Jones* v. *Ireland*, Id., 63; *Ault* v. *Fleming*, 7 Id., 143.

BALDWIN, C. J. — This suit is upon a warrant issued by Lorenzo Bailey, as the County Judge of Chickasaw county, payable to one Helm or bearer.

The cause was submitted to the court. Upon the trial the plaintiff offered in evidence the said warrant, to the introduction of which the defendant objected, claiming that the words "or bearer" had been inserted therein without the knowledge or consent of the defendant.

Evidence was introduced by defendant tending to show that the words "or bearer" were not in the warrant after the same had been issued. It appeared, however, that these words were inserted by the said Bailey, but that he, as County Judge, made no record of the order in reference to such change.

The execution of the warrant was not denied under oath. It was therefore upon the defendant to show to the satisfaction of the court that this alteration was made without the knowledge or consent of the county.

Taking into consideration the fact that the defendant did not deny under oath the execution of the warrant, in connection with the fact that the whole of the warrant was in the handwriting of the said Bailey, we do not feel authorized to say that the court erred in the admission of the warrant in evidence.

Affirmed.