| 35 | 507 |
| 81 | 328 |

## WILSON v. HARRIS.

*Alteration of written instruments*: ONUS PROBANDI. That a portion of an indorsement signed by the defendant, is written in different ink and handwriting from the balance, does not afford such *prima facie* evidence of a fraudulent alteration as to require the plaintiffs to explain the same.

*Appeal from Cerro Gordo Circuit Court.*

MONDAY, DECEMBER 18.

ACTION on a promissory note before a justice of the peace. Judgment for defendant. Plaintiff appealed to the circuit court where the cause was tried by a jury. Verdict and judgment for plaintiff. Defendant appeals.

The essential facts are stated in the opinion.

*Husted & Cleggett* for the appellant.

*Goodykoontz & Miller* for the appellee.

MILLER, J. — This action is against the defendant as guarantor of a promissory note upon an express guaranty in these words : " With recourse on and payment guaranteed by S. Harris." The defendant answered, admitted the execution and delivery of the note by the makers ; admitted that he sold and assigned the same to the plaintiff, and admitted that he indorsed the words, " with recourse," and his signature thereto, on the note, but denied the rest of the indorsement. This answer was sworn to.

On the trial the plaintiff testified as a witness, that when he purchased the note of defendant the latter wrote on the back of the same the words, " With recourse," and signed the same and handed it to plaintiff ; that plaintiff then said to defendant he wanted the note guaranteed ; that Harris then told plaintiff to fix it to suit himself,

whereupon plaintiff added the words "on and payment guaranteed by," and defendant said it was all right. The defendant, as a witness, denied authorizing plaintiff to write the additional words on the note ; said there was but one bottle of ink present at the time he wrote the transfer on the note, which he said was simply the words, "With recourse, S. Harris." On behalf of the defendant two other witnesses, upon examination of the indorsement on the note, testified that they did not think the words, "on and payment guaranteed by," were written with the same ink as the other words.

This being all the evidence, the court, after instructing the jury that under the pleadings the burden of proof was on the plaintiff to show that the guaranty as declared on was written by Harris or by his direction or with his assent at the time of the transfer of the note, also instructed the jury that the fact that "the words 'on and payment guaranteed by,' are written in different ink and a different handwriting from the balance of the guaranty on the note in question, does not afford sufficient *prima facie* evidence of a fraudulent alteration of the contract to require the plaintiff to explain the alteration." This instruction is fully sustained by *Jones* v. *Ireland*, 4 Iowa, 63, and *Auld* v. *Fleming*, 7 id. 143, and taken in connection with the other instructions of the court given in the case could not have worked any prejudice to the appellant.

The judgment is therefore

Affirmed.