| 68 | 13 |
| 81 | 97 |
| 81 | 328 |
| 68 | 13 |
| 88 | 631 |

## WING v. STEWART ET AL.

1. **Evidence**: OBJECTION TO INTRODUCTION OF ALTERED INSTRUMENT: PRACTICE ON APPEAL. An objection that the court below erred in admitting in evidence a contract, appearing on its face to have been altered or interlined, without first requiring an explanation of the apparent alteration, cannot be entertained by this court, unless the instrument itself is brought up, and the court is thus enabled to determine from inspection whether any explanation was required.

2. ———: CONTRACT ADMITTED BUT ALTERATION ALLEGED: BURDEN OF PROOF. Where the action was founded upon a contract, the execution of which was admitted in the answer, but the answer denied performance on the part of plaintiff, and alleged an alteration of the instrument since its execution, *held* that plaintiff had no need to introduce the contract in evidence, but only to prove performance on his part, and that the burden was on defendant to establish the alteration relied on.

*Appeal from Kossuth Circuit Court.*

WEDNESDAY, DECEMBER 16.

THIS action was brought on a written contract whereby the defendants bound themselves to pay plaintiff for certain books, maps and charts, which they ordered him to deliver to the defendant, George Stewart. The answer admits the execution of the contract, but denies the delivery of the property. It also alleges that the instrument has been altered, since its execu-

tion and delivery, in a material respect, without the consent of the makers; the alterations alleged being the insertion, in the body of the instrument, of a provision for the payment by defendants of six per cent interest on the value of the goods from the time of their delivery, and the writing on the margin of a provision by which the amount is made payable at the Kossuth County Bank, at Algona, that being in a different county from the one in which defendants live. There was a verdict and judgment for plaintiff, and defendants appeal.

*A. F. Call,* for appellants.

*George E. Clarke* and *J. B. Jones,* for appellee.

REED, J.—On the trial plaintiff offered the contract in evidence. Defendants objected to its introduction on the ground than its appearance indicated that it had been altered since its execution, and that plaintiff was not entitled to introduce it until this appearance was explained, and that there was no evidence tending in any manner to explain it. The court also instructed the jury that the burden of proving the alleged alterations was on the defendants. These rulings were excepted to at the time, and are now assigned as error.

*1. EVIDENCE: objection to introduction of altered instrument: practice on appeal.*

It would at this time be a sufficient answer to the objection made to the admission of the contract in evidence to say that its validity depends on the existence of a fact which can be determined only by an inspection of the instrument itself, and the appellants have not brought the instrument into this court, so that we are not able to determine whether the fact upon which the objection depends exists or not. The circuit court may have determined, upon an inspection of the instrument, that there was nothing in its appearance which called for explanation. The presumption is in favor of the correctness of the finding of the trial court, and we will disturb the finding only upon a showing that it is wrong.

But if it should be conceded that the appearance of the instrument was such as that plaintiff was required to make some explanation of it before he would be entitled to introduce it in evidence in support of his claim, we still are of the opinion that the overruling of the objection to its introduction in evidence would afford no ground for disturbing the judgment. The pleadings presented no issue under which plaintiff was required to introduce it in evidence. The petition alleged the execution and delivery of the contract, and a copy of the instrument is set out. The articles of merchandise purchased are enumerated, and the price of each article is stated. The contract contains an undertaking by defendants to pay the aggregate price of the goods at a specified time after the delivery. The delivery of the goods is also alleged. In one paragraph of the answer the execution of the contract is admitted, and the delivery of the goods is denied; and in another paragraph the alteration of the instrument after its execution is pleaded. It is provided by statute (section 2655 of the Code) that the answer may contain a general or specific denial of each allegation of the petition, or of any knowledge or information thereof sufficient to form a belief, or a statement of any new matter constituting a defense; and under another provision (section 2712) plaintiff is not required to introduce evidence to establish the allegations of his petition which are not controverted by the answer. The answer in this case controverted none of the averments of this petition except the one which alleged the delivery of the goods. The allegation that the contract had been altered since its execution controverted none of the averments of the petition, but was a statement of new matter constituting a defense. The only fact, then, which plaintiff was required to prove in making out his case was that he had delivered the goods. Having proved that fact, he was entitled to recover unless defendant could establish the matter pleaded in defense.

2. ———:
contract admitted but alteration alleged: burden of proof.

The written instrument contained no evidence of the delivery of the goods, and was not introduced for the purpose of proving that fact, and, as that is the only fact which plaintiff was required to prove in making out his case, he need not have introduced it. We find it unnecessary to go into the question (which has been argued by counsel) whether the rule laid by the text writers, and applied in many of the cases, which requires the party offering an instrument of writing in evidence to explain any apparent alteration or interlineations before introducing it, (see 1 Greenl. Ev., § 564; 1 Phil. Ev., p. 607,) has been abrogated by our statutes or not; for, conceding the existence of the rule, it is not applicable under the facts of the case. The judgment of the circuit court will be

AFFIRMED.