I. L. POTTER, Appellant, v. TIMOTHY KENNELLY, Appellee.

**Alteration of Written Instrument**: EVIDENCE. The plaintiff, having commenced this action to foreclose a mortgage, the mortgagor answered admitting his signature to the instrument, but alleging that since its execution the property description therein had been altered so that it covered sixty acres of land instead of twenty, and that the additional forty acres constituted his homestead. These allegations were supported by the testimony of the mortgagor and his son, but the loan agent, who drew up the mortgage, testified that it was originally drawn to cover the sixty acres, and that he refused to make the loan on the twenty acres. Among other circumstances corroborative of the loan agent's testimony was the fact that the twenty acres was insufficient security for the loan made. *Held*, that the burden of proof being upon the mortgagor the charge of alteration was not established.

*Appeal from Monroe District Court.*—HON. DEL
STUART, Judge.

TUESDAY, OCTOBER 14, 1890.

ACTION in equity for judgment on a promissory
note, and to foreclose a mortgage upon sixty acres of
land to secure the payment of the note.   The defend-
ant answered, admitting his signature to the note and
mortgage, but averring that the mortgage was origi-
nally given upon twenty acres of land, and no more,
and that it was afterwards, without his knowledge or
consent, altered so as to include forty acres in addition
to the twenty acres actually mortgaged.   The court
found that this averment of the answer was true, and
entered a judgment against the defendant for the
amount of the note, and a decree of foreclosure against
twenty acres of the land.   Plaintiff appeals.

*McCahan & Richmond* and *T. B. Perry,* for appel-
lant.

*W. A. Nichol,* for appellee.

ROTHROCK, C. J.—The only question to be deter-
mined is, was the mortgage altered or changed after its
execution?   The burden of proving the alleged altera-
tion was on the defendant.   *Vanhorn v. Bell,* 11 Iowa,
465; *Warren v. Chickasaw Co.,* 13 Iowa, 588; *Odell v.
Gallup,* 62 Iowa, 253; *Wing v. Stewart,* 68 Iowa, 13.
The note was for one hundred dollars, borrowed money,
and it recites that it is secured by a mortgage upon real
estate valued at nine hundred dollars.   It appears that
the twenty acres, which it was conceded was included in
the mortgage, was, at the time the mortgage was made,
subject to the lien of a judgment.   Indeed, it may be
safely held that the twenty acres is inadequate security
for the money due.   If it was adequate, it is not likely
this defense would have been interposed, nor this
appeal taken.   Parties are not supposed to be involved
in litigation for pleasure or pastime.

VOL. 81—7

The loan was made for the plaintiff by one H. K. Steele, an insurance and loan agent. The defendant was in urgent need of the money. His horses had been levied upon for a debt. Steele testified, as a witness, that defendant offered him the twenty acres as security, and that he refused to take it, as there was a judgment lien that would probably take it, and that the defendant then directed him to make the mortgage on the whole sixty acres, including the forty acres, which is and was defendant's homestead; that he ( Steele ) told the defendant he did not care anything about the twenty acres, that the forty acres would be sufficient; but that defendant insisted that all the land should be included in the mortgage. Steele testified that the mortgage was so written, and there has been no alteration made therein, or in the notes since their execution. The defendant relies upon his own testimony, and that of his son, Dennis Kennelly. They were both present when the note and mortgage were signed, and the son signed his father's name to the note and mortgage by his direction. Steele testified that the son read them over to the father, and signed his father's name, as directed. Both the father and son testified that the mortgage did not contain the homestead at that time, and that it was the agreement between the parties that the mortgage was to be on the twenty acres only.

The cause was tried upon depositions, so that it was presented to the court below precisely as it is in this court. We suppose that the court held that the alleged alteration was established, because there were two witnesses against one; and if the question were divested of other facts and circumstances proper to be considered, we might be inclined to concur in this view. But it is to be remembered that the defendant is making an attack upon the integrity of a written instrument, acknowledged and recorded. Not only this, but, to make the defense complete, the defendant's son thought it necessary to impeach the note by testifying that it had been altered by inserting

the value of the land as nine hundred dollars. And then again the fact is to be considered that, if this defense be true, either S. K. Steele, who made the loan, or the plaintiff, committed a felony by the alleged alteration. Steele testified that he looked up the records of the title of the land before he made the loan, and that he told defendant he would not make it on the twenty acres. Another most important fact is that it is not claimed that either the note or mortgage gave the appearance of having been changed, and surely Steele did not intend to take insufficient security for the money, and he knew, and the fact that this defense was made is strong evidence showing, that the twenty acres is no security. As we view the facts, there should have been a decree for the plaintiff foreclosing the mortgage upon both tracts of land.   REVERSED.