A. N. HAGAN, Appellee, v. MERCHANTS & BANKERS' INSURANCE COMPANY, Appellants.

1. Fire Insurance : ALTERATION OF WRITTEN INSTRUMENT : PLEADING : EVIDENCE. In an action to recover upon a policy of insurance the insurance company alleged as a defense, that the policy had been altered since delivery without its knowledge or consent. The plaintiff denied the alteration, but alleged that if any change had in fact been made it was done before delivery to the plaintiff. Held, that the defendant's allegation charging an alteration of the policy was not such a denial of the instrument as threw upon plaintiff the burden of proving the execution of the same ; but that such proof being necessary to support defendant's charge of alteration, its introduction by plaintiff was error without prejudice.

2. ――――― : ――――― : EVIDENCE : BURDEN OF PROOF. A mere alteration apparent upon the face of a written instrument raises no presumption that the same has been fraudulently changed since its delivery, and will not impose upon a party claiming thereunder the burden of explaining such change before introducing it in evidence.

3. ――――― : PRINCIPAL AND AGENT : WAIVER. Where the agent of a fire insurance company, at the time of accepting an application for insurance, has knowledge of the existence of an amount of insurance on the property to be insured in excess of that allowed under a condition in the policy issued on such application, the company will be presumed to have waived such condition ; and like knowledge on the part of the insured will not prevent his recovery under such policy.

4. ――――― : PROOF OF LOSS : EVIDENCE. The form or sufficiency of the proof of loss made by plaintiff not being in issue, but simply the fact whether such proof had been made, held, that such fact might be established by parol, and no prejudice could arise from the introduction of secondary evidence of the notice served upon the defendant.

VOL. 81—21

81 321 / 88 631
81 321 / 92 388
81 321 / 94 530
81 321 / 95 480
81 321 / d96 44 / 98 527 / 99 729
81 321 / 103 279
81 321 / 111 588
81 321 / 114 45 / 114 693 / 114 694
81 321 / 123 746
81 321 / 124 549
81 321 / 129 299 / 129 300
81 321 / 137 429
81 321 / 142 204
81 321 / 143 462

5.   ——— : ——— : ———.   After the introduction of oral evidence, against the objection of defendant, to the fact that a letter had been written the defendant concerning the policy in question, the proof of loss, and payment thereunder, the plaintiff offered in evidence a letter received from defendant's attorney, purporting to be in reply to the above, and stating the reason why payment of the policy was refused to be the taking out of additional insurance, and other irregularities, in violation of the policy, but making no objection to the sufficiency of proof of loss. *Held*, that parol evidence to the fact of plaintiff's letter and its subject-matter was competent, and that the admission of defendant's reply, though not pertaining to a fact in issue, was error without prejudice.

6.   ——— : VERDICT OF JURY : APPEAL.   The verdict of a jury will not be disturbed if there is any evidence to support it.

7.   ——— : MUTUAL COMPANIES : PREMIUM NOTE : ASSESSMENTS.   No action can be maintained upon a promissory note given to secure the premium upon a policy of insurance in a mutual fire insurance company, and payable in installments on assessment by the directors of such company, when, up to the date of loss under said policy, no assessment against said insured has been made.

*Appeal from Henry District Court.*—HON. CHARLES D. LEGGETT, Judge.

FRIDAY, OCTOBER 24, 1890.

ACTION upon a policy of insurance against loss by fire. The petition alleges the issuing of the policy, the loss of the property by fire, the value thereof, and notice and proof of loss within sixty days. The policy and copy of application attached is set out as an exhibit to the petition. In the description, in the application, of the building in which the insured merchandise was contained, the question, "Material of roof" is answered, "Iron and shingle," and in the policy it is written, "Iron roof and shingle building." The policy contains a provision that it shall be void unless consent in writing is indorsed thereon by the company if the assured should then or thereafter procure other contracts of insurance on the property than the twenty-five hundred dollars' concurrent insurance granted. The defendant answered denying that the policy set out is the policy issued by it, for that the same has been

changed and altered without their knowledge or con-
sent since its delivery; that the words "and shingles,"
where they occur in the application and policy, were
added therein without the knowledge, consent or
authority of defendant, and after the policy, with a
copy of the application attached, had been delivered to
the plaintiff. It is alleged in the answer that the plain-
tiff changed the policy and copy of application, without
the knowledge, consent or authority of the defendant,
by inserting the words "and shingle" therein. The
answer denies the loss and proof of loss, and alleges
that plaintiff, in violation of the terms of the policy,
had procured concurrent insurance in excess of the
twenty-five hundred dollars, for which permission had
been given, and that defendant had never indorsed its
consent on said policy, or in any way consented to his
having procured such additional sums of other and con-
current insurance. The defendant, by way of set-off,
asks to be allowed upon the plaintiff's note for one
hundred and thirteen dollars, given to secure the pre-
miums on said insurance, ninety *per cent.* thereof. To
this the plaintiff answered admitting the execution of
the note, and denying that there were any assessments
due and unpaid on the same at the time of the destruc-
tion of the property, and denying that there is any-
thing due on the note. The plaintiff filed a reply to
the defendant's answer denying all allegations charging
on him any alterations of the policy, and alleging "that
if any change was made in said policy or application as
indorsed thereon, which plaintiff does not admit, same
was changed before such policy and application came
into plaintiff's hands or was delivered to plaintiff, and
plaintiff is not chargeable therewith; but he denies any
such change or alteration was made as charged in
answer and amendments." It is alleged in the reply
that defendant had full knowledge at the time this
insurance was applied for of the amount of insurance
plaintiff was taking out, and the companies and
amounts in each. It is also alleged in the reply that
defendant at no time demanded or required further or

other proofs of loss than those sent, but retained the same without objection thereto, wherefore, it is claimed, that the defendant is now bound thereby, and is estopped from denying that proofs of loss were made. The case was tried to a jury, and verdict and judgment for plaintiff. The defendant appeals.

*Baker & Haskins*, for appellants: The policy upon its face shows that it was altered by some one other than the draftsman who wrote the other written portions of the policy; and the change is of such a nature and character as to cast upon the plaintiff the burden of proof showing either, *first*, why such change was made, and the authority for making it, or, *second*, to show that it was in the condition it now is when received by the plaintiff. Greenleaf on Evidence [13 Ed.] sec. 564, and note; *Jones v. Ireland*, 4 Iowa, 63; *Henman v. Dickinson*, 5 Bing. 184; *Taylor v. Mosley*, 6 Car. & P. 279, 280; *Knights v. Clements*, 8 Adolph. & Ell. 215; *Mills v. Barnes*, 11 N. H. 397; *Clifford v. Parker*, 2 Man. & Gr. 910; *United States v. Linn*, 1 How. 104; *Smith v. United States*, 2 Wall. 219; *Wilde v. Armsby*, 6 Cush. 183; Byles on Bills [2 Am. Ed.] 248, 249. In *Harlan v. Berry*, 4 G. Greene 212, there was no question arising as to where the burden would rest if the alteration was deemed material and of such character and appearance as to discredit or cast a suspicion on the instrument. In *Jones v. Ireland, supra*, the court held that, where the words "ten per cent." in a different-colored ink were written in a blank apparently left for the purpose—there being no erasure or interlineation—that fact was not suffi. cient of itself to raise such suspicion or presumption of alteration as to require explanation; but, where there is an interlineation in a different handwriting and different-colored ink, the court held that the burden is upon the party offering the instrument. And see *Aull v. Fleming*, 7 Iowa, 143; *Wilson v. Harris*, 35 Iowa, 507; *Odell v. Gallup*, 63 Iowa, 253; *King v. Stewart*, 68 Iowa, 13. The defendant averred the alteration in its

answer. Without any reply this would stand traversed. Code, sec. 2625; *University of Des Moines v. Livingston*, 57 Iowa, 507; *Shaw v. Kendig*, 57 Iowa, 390; *Cassady v. Canton*, 47 Iowa, 221. The plaintiff in his reply took the affirmative by averring in avoidance that the alteration was made before the policy and application came into plaintiff's hands. By thus replying the plaintiff confessed and avoided, and assumed the burden of proving the same. *Clapp v. Cunningham*, 50 Iowa, 307; *Meadows v. Insurance Co.*, 62 Iowa, 387. The statements in the application were false as to the amount of insurance. In *Bartholomew v. Insurance Co.*, 25 Iowa, 507, this court holds that where the assured knew that the agent taking the application was to forward it to the company to whom it was submitted, and by whom the risk was to be approved or rejected, and that the statements in the application were the sole basis of its acceptance, then he (the insured) must see the representations in the application are not untrue. *Johnson v. Insurance Co.*, 45 N. W. Rep. (Dak.) 799. It is true that the averment of over insurance stands denied. But the policy with the application indorsed thereon is put in evidence, and this proves the allegation of the answer as to the representation. "In the absence of fraud or mistake, a party will not be heard to say he was ignorant of the contents of a contract signed by him." *Culbertson v. N. C. Home Ins. Co.*, 2 S. E. Rep. 261. In *Walsh v. Insurance Co.*, 73 N. Y. 9, the court says: "The plaintiff is presumed to have known the contents of the contract signed by him." See also to same point: *Morrison v. Insurance Co.*, 6 S. W. Rep. 606; *Cleaver v. Insurance Co.*, 32 N. W. Rep. (Mich.) 660; s. c., 39 N. W. Rep. 571; *Insurance Co. v. Mowry*, 96 U. S. 544; *Mutual Benefit Association v. Hickman*, 5 S. W. Rep. 544; *Moore v. Insurance Co.*, 76 Iowa, 412. This same question has been before the supreme court of Dakota in a very recent case. *Smith v. Insurance Co.*, 43 N. W. Rep. 810. The contract of insurance, as contained in the policy, provides that no agent shall have any authority to erase, strike out,

waive, modify or change any of its provisions.    As to effect of such provision see *Clevenger v. Insurance Co.*, 3 N. W. Rep. 313; *Cleaver v. Insurance Co.*, 32 N. W. Rep. 660; 39 N. W. Rep. 571; *Hawkins v. Insurance Co.*, 35 N. W. Rep. 34; *Marion v. Insurance Co.*, 84 N. Y. 278; *Globe Insurance Co. v. Wolf*, 95 U. S. 372; *Ins. Co. v. Norton*, 96 U. S. 240; *N. Y. Life Ass'n v. Fletcher*, 117 U. S. 519; *Lochner v. Insurance Co.*, 17 Mo. 256; *Richards v. Main*, 46 Me. 394.

*Woolson & Babb*, for appellee:    There was no question raised by pleading or evidence, but that the policy attached to the petition was the one issued to plaintiff by defendant, except the question as to words "and shingle," which the answer alleged to have been added after delivery.    Under these circumstances plaintiff had the right to introduce the policy in evidence without preliminary proof, and the burden was on defendant to show any change in it.    Code, sec. 2730.    The object of this statute was to affect the burden of proof as to such instruments as come under it.    *Sankey v. Trump*, 35 Iowa, 267.    The general rule seems to be that such alteration, if apparent on the face, will be deemed to have been innocently made before delivery, as fraud and wrong will not be presumed.    Am. & Eng. Ency. of Law, title, Alteration of Instruments; 2 Parsons on Contracts, 722, note *y;* 1 Cowen & Hill's notes to Phillips on Evidence, 461, 464, where the cases are reviewed; *Harlan v. Berry*, 4 Greene; 212; *Jones v. Ireland*, 4 Iowa, 63; *Gooch v. Bryant*, 13 Me. 386; *Clark v. Rogers*, 2 Greenleaf, 147; *Cumberland Bank v. Hall*, 1 Halstead, 215; *Bailey v. Taylor*, 11 Conn. 531; *Ault v. Fleming*, 7 Iowa, 143; *Warren v. Chickasaw Co.*, 13 Iowa, 588; *Van Horn v. Bell*, 11 Iowa, 466; *Wilson v. Harris*, 35 Iowa, 507; *Wing v. Stewart*, 68 Iowa, 13.    The pleadings in this case and defendant's testimony both admit the issuing of the policy, but allege a change.    It was not necessary for plaintiff to introduce the policy.    The contest was over the allegation of the answer as to change.    On

this point, see *McArthur v. Life Ass'n*, 73 Iowa, 336. The allegations of the answer were not admitted by the filing of a reply. *Eikenberry v. Edwards*, 71 Iowa, 82; *Tobin v. Mutual Aid Society*, 72 Iowa, 261.   Under chapter 211, Acts, Eighteenth General Assembly, Tam was the agent of the insurance company, and his knowledge was the knowledge of the company.   The company then had full knowledge of the exact amount of insurance to be placed on the goods at time of issuing the policy,—this being so, it is estopped from afterwards denying it.   *Williams v. Insurance Co.*, 50 Iowa, 568; *Jordan v. Insurance Co.*, 64 Iowa, 316; *Bennett v. Insurance Co.*, 70 Iowa, 600; *Miller v. Insurance Co.*, 70 Iowa, 709; *Kitchen v. Insurance Co.*, 57 Mich. 35; *Broodup v. Insurance Co.*, 7 N. W. Rep. (Minn.) 735; *Shafer v. Insurance Co.*, 10 N. W. Rep. (Wis.) 382.   The petition alleged that due proof of loss was given, and the answer simply denied this without setting up any special defense as to its insufficiency; all plaintiff was required to do was to introduce evidence in parol, that a paper purporting to be a proof of loss was sent to defendant within the time allowed by the statute, and that no objection was made to it.   Greenleaf on Evidence, sec. 561; *Johnson v. Haight*, 12 Johns. 470; *Lindenberger v. Beall*, 6 Wheaton, 104; *Eagle Bank v. Chapin*, 3 Pick. 180; *Levitt v. Simms*, 3 N. H. 14; 2 Daniel's Negotiable Inst., sec. 1051; *McClenon v. Railway Co.*, 69 Iowa, 320; Acts, 18th Gen. Assem., sec. 3, ch. 211; *Shawhan v. Loffer*, 24 Iowa, 217.

GIVEN, J.—I.   On the trial, plaintiff offered in evidence the policy, and copy of application attached, to which defendant objected, on the ground that it was apparent on the face of the instruments that they had been changed; wherefore the burden was on plaintiff to account for the change before he could introduce the instruments in evidence, and also upon the ground that plaintiff confessed the change in his reply, and had not

1. FIRE insurance: alteration of written instruments: pleading: evidence.

offered evidence tending to avoid it. This objection was overruled. The defendant asked an instruction to the effect that, if the jury found that there was ground for suspicion on the face of the instruments that the policy had been altered as alleged, then the burden was upon the party offering it in evidence to show " when such alleged alteration was performed, by whom, and the intent with which done." This instruction was refused, and one given that " the burden of establishing that the words were added to one or both of the places alleged after delivery of the policy rests upon the defendant." The overruling of said objection, the refusal to instruct as asked, and the instruction given, are assigned as error.

The books are full of diverse decisions as to whether, on the production of a written instrument, which obviously has been altered, it is incumbent upon the party offering it in evidence to explain its appearance. Some hold that an alteration apparent on the face of the writing raises no presumption either way ; some that it raises a presumption against the writing, and, therefore, requires some explanation to make it admissible ; others hold that it raises such presumption only when the apparent alteration is suspicious ; and yet others, that it is presumed, in the absence of explanation, that the alteration had been made before delivery. The authorities are so numerous that we refrain from citing any, but refer to the American and English Enclyclopedia of Law, under "Alteration of instruments," where many of the authorities sustaining these different views are cited. This question was incidentally noticed, but not passed upon, in *Jones v. Ireland*, 4 Iowa, 69 ; *Ault v. Fleming*, 7 Iowa, 143 ; *Wilson v. Harris*, 35 Iowa, 507 ; and *Wing v. Stewart*, 68 Iowa, 13. These cases were disposed of upon other grounds, and the question before us has never been directly passed upon by this court. The issues involved in this defense are, whether the policy was altered as alleged, and, if so, whether after delivery to plaintiff, and without authority of the

defendant.   In *Jones v. Ireland, supra*, it was held to
be a question of fact for the jury whether there had been
an alteration as alleged.   The instrument was certainly
competent evidence as bearing upon this question, and
was, therefore, proper to go to the jury ; but the conten-
tion is whether the plaintiff was entitled to offer it with-
out explanatory proofs.

If the appearance of the instrument or other testi-
mony tended to support the charge of alteration, it was
the duty of the court to submit the issue to the jury ;
but if the instrument or other proofs did not so tend,
then the issue should be withheld, as in any other case
where there is no testimony tending to support the alle-
gation.   No complaint is made of the action of the
court in submitting the issue, and we may assume, there-
fore, that the appearance of the instrument does tend
to support the charge of alteration.   The questions as
to whether there were alterations, and, if so, whether
fraudulent, were fairly before the jury, and the instru-
ments were competent evidence upon those issues.
Question is made whether it was necessary for the
plaintiff to offer the policy in support of his action.
We think upon the pleadings it was not.   The execu-
tion of the paper was not denied only in the sense that
it was not the policy issued by the defendant, "for
that the same has been changed and altered, without
their knowledge or consent, since its delivery."   This
is not such a denial of the execution of the instrument
as is contemplated in section 2730 of the Code.   It is
contended that the plaintiff, in his reply, confessed the
alteration and pleaded in avoidance that it was altered
before delivery.   The reply will not admit of such a
construction.   It expressly denies alteration, and, in the
sentence wherein it is claimed an avoidance is pleaded,
it is said that plaintiff does not admit that any change was
made.   If this question rested upon the pleadings alone,
we would say, under the general rule, that the burden
was upon the defendant to establish his allegations that
the instruments were altered after delivery, and without

its authority. We think there was no prejudicial error in admitting the instruments over defendant's objections; for, if they had not been introduced by the plaintiff, they certainly would have been introduced by the defendant in support of its defense of alteration.

II.    The instrument being properly before the jury, the more important question is upon which party the burden rested of explaining the apparent alteration. Determined by the pleadings and the general rule, we have seen that the burden was upon the defendant; but, if we are to presume from the fact of alteration that it was fraudulently made, then the burden is upon the plaintiff to rebut this presumption; but if no presumption arises or if the alteration is presumed to have been made before delivery, then the burden is upon the defendant. The rule that an alteration apparent on the face of the writing raises no presumption either way is, in our opinion, well supported by reason and authority, and in harmony with the rule that the law does not presume guilt. If the instrument shows upon its face, as it is possible it may, that the alteration was fraudulent, then it proves more than the mere fact of alteration; but when the fact of alteration alone appears from it, and it is silent as to the time or authority by which it was made, there is no evidence upon which to base the presumption that it was fraudulently done. To presume against the writing, or that the alteration was before delivery, is to indulge in presumptions without evidence to support them. The alteration is not against the writing unless done after delivery, without authority. Apparent alterations are often made before delivery, and sometimes alterations are made after, with or without authority. Hence the mere fact of alteration furnishes no evidence as to when it was made, nor whether made by authority or not. If the alteration was not apparent upon inspection of the instrument, the burden of proof that it was altered would be upon the party who alleged it. If either of two opposite presumptions are equally inferable from an established

*2. EVIDENCE: burden of proof.*

fact, it cannot be said that that fact tends to prove either.   If, from the fact of alteration, it may not be presumed that it was made after delivery, and without authority, then surely the burden of so proving is upon him who alleges it.   Having determined that an alteration apparent on the face of the writing raises no presumption that it was made after delivery, and without authority, it follows, from what we have said as to the pleadings, that the burden was not upon the plaintiff to explain the alteration, but upon the defendant to prove its allegations, that the alterations were made after delivery, and without authority.

III.   At the time of making this application, the plaintiff had no other insurance.   The application 3. ——: principal was made to one Tam, agent of defendant, and agent: waiver. who prepared it for signature, and at the same time solicited applications in other companies in sums which, in the aggregate, exceeded twenty five hundred dollars' concurrent insurance, for which permission is given in the policy.   All the applications but one were given to Tam at the same time ; that one not being given then because Tam had no blank form.   It was given a few days later.   One of these applications was rejected by the company, and afterwards placed by Tam in another company, through its agent.   There is no question but at the time of taking this application defendant's agent knew that plaintiff was desiring and applying for concurrent insurance in excess of twenty-five hundred dollars.   Defendant's contention is that the plaintiff also knew that fact, and that knowledge on the part of the agent will not excuse the plaintiff's intentional fraud, even though the agent participated therein.   That the defendant is bound by the knowledge obtained by its agents, is fully sustained in *Boetcher v. Hawkeye Ins. Co.*, 47 Iowa, 253 ; *Jordan v. State Ins. Co.*, 64 Iowa, 216 ; *Bennett v. Council Bluffs Ins. Co.*, 70 Iowa, 600.   In each of these cases the assured possessed the same knowledge as the agent. The company, being charged with the knowledge of its agent, must be considered as having knowledge of the

amount of insurance applied for; and, having issued this policy with such knowledge, will be deemed to have waived the condition against concurrent insurance beyond the sum named. The cases last cited fully answer this contention.

IV. Under the uncontradicted testimony, there is no doubt but that notice and proofs of loss, verified by plaintiff, were sent to defendant by registered letter, and duly received. The plaintiff, having testified that the original was not in his possession or control, offered in evidence what was proven to be a copy, except that it does not set out the jurat at length. Objection was sustained, on the grounds that it was secondary, and no foundation laid for its admission. Thereupon plaintiff served notice on defendant's attorneys to produce the original, to which they replied by filing the affidavit of the defendant's secretary that, if they had the original, it was in the office at Des Moines; that they had no such paper at Mt. Pleasant (the place of the trial), and were, therefore, unable to produce it. The offer was again made, and objection sustained. Afterwards, and during the argument, the court changed its ruling, and permitted the copy to be read in evidence. The giving of notice and proof of loss is made a condition precedent by the contract. Under section 2715 of the Code, it is sufficient, in pleading performance of conditions precedent in a contract, to state generally "that he duly performed all the conditions on his part." Section 2717 requires that, in controverting such allegations, "it shall not be sufficient to do so in terms contradictory of the allegation, but the facts relied on shall be specifically stated." The allegation in the petition is: "Plaintiff duly gave said defendant company due notice in writing, and proof of said loss, and accompanied said notice by an affidavit stating the facts as to how the loss occurred, so far as the same was within this plaintiff's knowledge, and the extent of the loss." The answer is a denial "that he has made proof of loss, as claimed in his petition, and as

*4. ——: proof of loss: evidence.*

required by the contract of insurance, as contained in the policy." The only issue joined is whether notice and proof of loss were given to defendant. There is no statement of facts joining issue as to the form or suffi-- ciency of the proof. It was competent for plaintiff to show by parol evidence that proof of loss was prepared, and sent to defendant. *Bish v. Hawkeye Ins. Co.*, 69 Iowa, 186. This the plaintiff did by proofs that are unquestioned. There being no issue as to the form or sufficiency of the notice and proof, there was no neces- sity for introducing evidence of the contents of either ; and hence the admission of the copy could not have prejudiced any rights of the defendant, and is, there- fore, not ground for reversal.

V. Plaintiff was permitted to prove, over defend- ant's objections, that one of his attorneys wrote a letter to the defendant concerning this policy, when it would be paid, and with reference to proof of loss which had been sent. The objection was that this was giving the contents of the letter with- out the proper foundation having been laid for second- ary evidence. The witness was not asked to, nor did he, state the contents of the letter, but only the subjects. about which he wrote. Had his answer shown that it was about subjects foreign to this case, that would have been the end of inquiry ; but, being upon subjects per- taining to the case, the inquiry might be pursued further. There is a difference between stating the sub- ject upon which a letter was written and in stating its contents. The witness identified a letter from defend- ant, through one of its attorneys, as having been received in reply, which letter was offered and objected to. The statement that it was in answer to the former letter was not contradicted, and was corroborated by the subject-matter of the former, and the contents of the latter. This letter makes no objection to the form or sufficiency of proof of loss, but states the grounds upon which payment is refused to be the taking out of additional insurance, and other irregularities, in viola- tion of the policy. This letter was introduced before

<div style="margin-left:2em; font-size:smaller">5. THE same.</div>

the court had decided to admit the copy of the proof of loss, and for the purpose of showing that the defendant made no objection to the form or sufficiency of the proof. Here again the plaintiff was offering evidence not required to sustain his cause of action; but we fail to discern wherein the admitting of that evidence could have been prejudicial to the defendant.

VI.   Question is made as to whether the verdict is supported by the evidence, on the grounds that plaintiff's testimony does not show the value of the

6. ——: verdict of jury: appeal.

property destroyed. While it is true that the testimony is not as definite as might be desired, yet it is as much so as the circumstances will admit. Under section 1734 of McClain's Code, the amount stated in the policy is *prima-facie* evidence of the insurable value of the property at the date of the policy. The testimony is such that we would not be justified in disturbing the verdict on this ground. It was a question for the jury, and we cannot say that there was not evidence to support their finding.

VII.   In support of the claim of set-off, defendant offered in evidence the premium note set out, to which plaintiff objected, which objection was sus-

7. ——: mutual companies: premium note: assess- ments.

tained. The note is an agreement to pay "one hundred and thirty-seven and forty-hundredths dollars in such portions, and at such times, as the directors of said company, agreeably to their act of incorporation and by-laws, require." It was admitted that no assessment had been made. The directors had not declared any portion of said sum as due and payable. Without now determining what the rights of the parties might be after the directors had declared a portion to be paid at the time named, we think it very clear that the defendant was not entitled to recover upon the note until such action had been taken by the directors.

Our conclusion is, upon an examination of the whole case, that the judgment of the district court should be AFFIRMED.