FRED. SHROEDER, Appellant, v. HIRAM Z. WEBSTER, Appellee.

1. **Instructions to Jury**: MATTERS NOT CALLED TO COURT'S ATTENTION.   A party who has asked no instructions upon a particular phase of the case can not complain that those given are not as full as they might be, if they are correct as far as they go.

2. **Pleading**: DEMURRER TO ANSWER: ERROR WAIVED BY REPLY. Where the plaintiff's demurrer to a count of the defendant's answer is overruled, and he files a reply to that count, and goes to trial upon the issues thus raised, he waives his right to object to the ruling on the demurrer.

3. **Assignments of Error**: FORM.   An assignment of error, that the court erred in submitting a certain question to the jury, without pointing out the instruction complained of, is too general, under section 3207 of the Code, and will not be considered by the supreme court.

4. **Appeal**: RECORD: PRESUMPTION.   Where the record on appeal shows no ruling upon a motion to strike out testimony, it will be presumed that the motion was waived.

5. **Alteration of Instruments**: BURDEN OF PROOF.   Where, in an action upon certain promissory notes, the maker alleged that the notes had been materially altered after delivery, *held*, that the defendant had the burden to prove such alteration; and that when he had done so, the burden was upon the plaintiff to show, before he could recover, that the alteration was made with the knowledge and consent of the defendant.

6.  ———:  PRESUMPTION:  INSTRUCTION.  In such action it was not error for the court to instruct the jury that, if they found that the notes had been altered since their execution, then the law presumed that such alteration was made, with a fraudulent purpose, by the payee or the plaintiff.

*Appeal from Audubon District Court.*—HON. GEORGE CARSON, Judge.

SATURDAY, MAY 27, 1893.

ACTION on two promissory notes. From a verdict for the defendant, the plaintiff appeals.—*Affirmed.*

*H. U. Funk, John M. Griggs,* and *Theo. F. Myers,* for appellant.

*Nash, Phelps & Green,* for appellee.

KINNE, J.—The plaintiff sues on two promissory notes executed by the defendant, and delivered to one Eads on the days they respectively bear date. One is dated August 13, and the other August 15, 1888, and the plaintiff claims they were indorsed by Eads to him before maturity. The defendant pleads: *First,* that the plaintiff is not the real owner of the notes, and that the suit is not prosecuted in the name of the real party in interest; *second,* that they were obtained from the defendant by Eads by means of fraud practiced upon him; *third,* that there is a failure of consideration; *fourth,* that the notes have been materially altered since their execution.

I.  Complaint is made because the court failed to instruct the jury that there was no evidence to sustain 1. INSTRUCTIONS the defendant's claim that the plaintiff to jury: matters not called was not the owner of the notes. It is said to court's attention. that they should have been instructed that under the evidence plaintiff was a *bona fide* purchaser of them before their maturity, for value, and without notice of equities, if any, existing in favor of the maker.

There is nothing said in the instructions touching the ownership of the notes, except in the statement of the issues, wherein it is said that the defendant claims that the plaintiff is not the real owner of the notes, and that the suit is not prosecuted by the real party in interest. The jury were instructed that it was incumbent upon the defendant to establish his claims by a preponderance of the evidence. As the plaintiff asked no instructions touching this question, he is not in a position to complain that those given were not as full as they might have been, since they were correct as far as they went.

II. The plaintiff demurred to the count of the defendant's answer which pleaded fraud in procuring 2. PLEADING: the notes. The demurrer was based upon demurrer to answer: error three grounds, and it was sustained as to waived by re- ply. the first ground, and overruled as to the second and third grounds. This action of the court is assigned as error. The count demurred to was then amended, whereupon the plaintiff demurred again. This demurrer was overruled, and this ruling is assigned as error. We need not discuss the questions thus raised, as the plaintiff by filing a reply and going to trial on the issues thus formed, waived any objection he might have had to the overruling of his demurrer. 2 McClain's Digest, p. 316, section 944; *Carson & Rand Lumber Co. v. Knapp, Stout & Co.*, 80 Iowa, 619.

III. Error is assigned because the court submitted the questions of fraud and failure of consideration to 3. ASSIGNMENTS the jury. No particular instruction is of error: form. pointed out as being erroneous in this respect, but the charge is generally made. The assignment is too general. It does not comply with the statute or rules of this court, and we can not consider questions thus raised. Code, section 3207; Rule 51; *Blair v. Madison County*, 81 Iowa, 313.

IV.   Error is assigned in the overruling of the plaintiff's motion to strike out certain testimony.   An

4. APPEAL: rec-
ord: presump-
tion.

examination of the record fails to show any ruling on the motion, and the presumption in such a case is that the motion was waived. *Gable v. Hainer*, 83 Iowa, 457; *Rosenthal v. Bilger*, 86 Iowa, 246.

V.   Counsel insist that the court erred in giving the eleventh division of his charge to the jury.   By it

5. ALTERATION of
instruments:
burden of
proof.

the jury were told that if they found that either or both the notes in suit had been altered since their execution, by crossing out the word "order" printed therein, and writing in place thereof the word "bearer," such an alteration would be a material one, "and, when found to have been so made, the burden of proof is on the plaintiff to show that such alteration was made with the knowledge and consent of the defendant; and if you find that such an alteration was made in both of said notes after the execution thereof, and if you further find that the plaintiff has failed to establish by a fair preponderance of the evidence that it was done with the knowledge and consent of this defendant, then your verdict should be for the defendant, even though you also find that plaintiff bought and paid for said notes before they matured, without knowledge of the equities existing between the payee, Theo. Eads, and the defendant."   It is said that this was an incorrect statement of the law, and it is claimed that under the instruction the burden was on the plaintiff to establish the alteration, and also to show that it was made with the defendant's consent.   We do not so understand the instruction.   It clearly recognizes the fact that the burden of proving the alteration is on the defendant, but, when that is done, then it is incumbent on the plaintiff to show that the alteration was made with the defendant's consent.   One of the material matters pleaded by the defendant was the

fact that the notes had been altered since their execution and delivery. In the third paragraph of the charge the jury are told that the burden is on the defendant to establish the averments of his answer. Under all the instructions it is clear the jury could not have understood that the burden was on the plaintiff to show the alterations.

Was the instruction objectionable, then, in directing the jury that, after the defendant had established the fact that the notes were materially altered, the burden was on the plaintiff to show that such alteration was made with defendant's consent? In the case of *Odell v. Gallup*, 62 Iowa, 253, it was simply held that when defendant pleaded the alteration it was incumbent upon him to prove it. In *Wing v. Stewart*, 68 Iowa, 13, it was held that, even if it was the rule that one offering an instrument of writing in evidence was bound to explain any apparent alteration in it before introducing it, it was not applicable under the facts of the case. In *Warren v. Chickasaw Co.*, 13 Iowa, 588, plaintiff offered the instrument in evidence, to which the defendant objected, claiming that the words "or bearer" had been inserted therein without his knowledge or consent. The court held that, the execution of the instrument not being denied under oath, it was incumbent on the defendant to show that the alteration was made without the defendant's knowledge or consent.

*Hagan v. Merchants and Bankers Insurance Co.*, 81 Iowa, 321, was an action on a policy of insurance. The plaintiff offered his policy in evidence. The defendant objected, on the ground that it was apparent on its face that it had been changed, and hence the burden was on the plaintiff to account for the change before he could introduce the policy in evidence; also because the plaintiff admitted the change in his reply, and had offered no evidence tending to avoid it. The objection was overruled. The defendant asked an

.instruction to the effect that, if the jury found there
was ground for suspicion on the face of the instrument
that the policy had been altered as alleged, then the bur-
den was upon the party offering it in evidence to show
when such alteration took place, and by whom it was
made, and the intent of it. This was refused, and the
court instructed the jury that the burden of establish-
.ing the alteration after the delivery of the policy was
with the defendant. It will be observed that but two
questions were thus raised: *First.* Must the plaintiff,
in a case where it is apparent on the face of the instru-
ment that it had been changed, account for the
change before he can introduce the instrument in evi-
dence? *Second.* Was it incumbent on the plaintiff, when
the face of the instrument showed the change, to show
when and by whom such change was made? This
court held that, ordinarily, an apparent alteration raised
no presumptions as to when the change was made, and
the burden was with the one pleading that an alteration
was made after delivery of an instrument, and without
the maker's consent, to establish such facts.

The questions in that case were not like.those pre-
sented in the case at bar. If they had been, we can
not doubt that the case of *Robinson v. Reed*, 46 Iowa,
220, would have been followed. In the latter case it is
expressly held that, after the alteration is established,
·the law imposes upon the plaintiff the burden of show-
ing facts supporting the sufficiency of the indorsement
upon which the action is brought. This case was
not referred to in the *Hagan case.* The case of *Rob-
inson v. Reed* is decisive of the questions presented in
the case at bar, and the instruction complained of is in
harmony therewith. We believe the law as herein
announced is correct. *Whitmer v. Frye*, 10 Mo. 348;
*Cochran v. Nebeker*, 48 Ind. 459; *Herrick v. Malin*, 22
Wend. 388; *Smith v. McGowan*, 3 Barb. 404; *Simpson
v. Davis*, 119 Mass. 269; *Town of Solon v. Bank*, 21

N. E. Rep. 170; *Croswell v. Labree*, 81 Me. 44; 16 Atl. Rep. 331; *Warder, Bushnell & Glessnor Co. v. Willyard*, 49 N. W. Rep. (Minn.) 300; *Burgwin v. Bishop*, 91 Pa. St. 336; *Eckert v. Louis*, 84 Ind. 99.

VI. Objection is made to the twelfth paragraph of the charge given to the jury. In it the court, in effect, told the jury that, if they found that the notes had been altered since their execution in the manner claimed, then the law presumed that such alteration was made with a fraudulent purpose, and by the payee or the plaintiff. We understand this instruction to state the law as announced by this court in *Robinson v. Reed*, *supra*, and in the cases therein cited. We see no reason for departing from the doctrine of that case.

*6. ——: presumption: instruction.*

We have considered all of the errors properly assigned, and reach the conclusion that the judgment of the court below must be AFFIRMED.